**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JULIE A. BARR-THOMAS,<br><br>          Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>          Defendant. | 2:18-cv-02251-APG-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>MOTION TO REMAND [ECF NO. 20]; CROSS-MOTION TO AFFIRM [ECF NO. 24] |

This matter involves plaintiff Julie A. Barr-Thomas's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Before the Court are Barr-Thomas's motion for remand (ECF No. 20) and the Acting Commissioner's cross-motion to affirm. (ECF No. 24). The Court recommends granting plaintiff's motion to remand and denying the Commissioner's cross-motion.

**I.      Standard of Review**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the

District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

**II.     Discussion**

The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ concluded plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 13, 2015. (AR[1] at 17). The ALJ found plaintiff had numerous severe impairments, "that significantly limit the ability to perform basic work[ ]." (*Id.*). These were: obesity, degenerative disc disease of the lumbosacral spine

---

[1] The Administrative Record ("AR") is found at ECF No. 18.

(mild), moderate degenerative changes in her cervical spine, fibromyalgia syndrome (FMS), and trochanteric bursitis in her hips, bilaterally (20 CFR 404.1520(c)). (*Id.*)

The ALJ found plaintiff's impairments, while severe, did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.* at 19). The ALJ concluded plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except she is further limited to: frequent climbing of stairs or ramps; occasional climbing of ladders but no climbing of ropes or scaffolds; and occasional balancing. (*Id.* at 21). At step four of the sequential analysis, the ALJ found Barr-Thomas can perform her past relevant work as an assistant retail manager (DOT # 189.167-018), bartender (DOT # 312.474-010), change person (DOT # 211.467-034), fast food worker (DOT # 311.472-010), and color matcher (DOT # 788.687-034). (*Id.* at 26). The ALJ concluded that plaintiff was not under a disability within the meaning of the Social Security Act from May 13, 2015 through the date of the decision on December 29, 2017. (*Id*. at 26).

Plaintiff challenges the ALJ's conclusions on several grounds: 1) that the ALJ improperly rejected the opinions of plaintiff's treating provider; 2) the ALJ improperly considered plaintiff's testimony; 3) the ALJ's step four and five findings are not supported by substantial evidence. (ECF No. 20 at 3-4). Plaintiff argues the ALJ did not properly consider the opinion of her treating provider, physician's assistant Gary Manley, PA-C because the ALJ did not offer clear and convincing reasons supported with substantial evidence for rejecting the opinions. (*Id*.) Plaintiff argues the ALJ failed to provide clear and convincing findings in support of the ALJ's rejection of plaintiff's testimony. (*Id.*). Plaintiff also argues that the ALJ improperly posed hypothetical questions that did not set out all of claimant's limitations and restrictions. (*Id.* at 13).

The Commissioner argues the ALJ's decision is supported by "valid reasons". (ECF. 24 at 4). The Commissioner asserts substantial evidence supports the ALJ's findings. (*Id.* at 8). The

3

Commissioner also argues that the ALJ properly weighed plaintiff's activities and statements regarding her ability to engage in activities, when deciding whether her subjective testimony of disability was consistent with the record evidence. (*Id*. at 7). The Commissioner argues that the plaintiff's argument regarding the ALJ's hypotheticals are "meritless." (*Id.* at 8).

**A. Discounting the Medical Opinions**

More weight is given to the opinion of a treating source than the opinion of a doctor who did not treat the plaintiff. See *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Medical opinions and conclusions of treating physicians are accorded special weight because these physicians are in a unique position to know plaintiffs as individuals, and because the continuity of their dealings with plaintiffs enhances their ability to assess the plaintiffs' problems. See *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). "[A]n [ALJ] may disregard medical opinion that is brief, conclusory, and inadequately supported by clinical findings." *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015) (per curiam). Treating physicians' uncontroverted "ultimate conclusions . . . must be given substantial weight; they cannot be disregarded unless clear and convincing reasons for doing so exist and are set forth in proper detail." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

For pre-March 2017 claims[2], acceptable medical sources include a licensed physician, licensed or certified psychologist, licensed optometrist, licensed podiatrist, and qualified speech-language pathologists. 20 C.F.R. §§ 404.1513(a), 416.913(a) (2013). Practitioners such as physician's assistants, nurse practitioners, chiropractors, audiologists, naturopathic physicians, and therapists, are "other sources." 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1) (2013). "[I]t may be appropriate to give more weight to the opinion of a medical source who is not an acceptable medical source if he or she has seen

---

[2] New medical evidence regulations went into effect on March 27, 2017, which eliminates formal physician hierarchy, but because the plaintiff applied for disability before this date, SSR 96-2p applies.

the individual more often than the treating source[ ]." 20 C.F.R. § 404.1527. In the Ninth Circuit a physician's assistant may qualify as an "acceptable medical source" by working "closely under the supervision" of a doctor to the extent that he is "acting as an agent" of the doctor. *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).[3] A physician's assistant might be considered a medically acceptable source if he or she, "works under a physician's close supervision[ ]."*Molina v. Astrue*, 674 F.3d 1104, 1107 (9th Cir. 2012).

The Social Security Administration has opined "[o]pinions from these medical sources [including physician's assistants], who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-03p, 2006 SSR LEXIS 5. The Social Security Administration has opined that other medical source's opinions are determined by analyzing the same factors utilized for weighing opinions from "acceptable medical sources." SSR 06-03p, 2006 SSR LEXIS 5. The ALJ should consider how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with the other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairment(s); and any other factors that tend to support or refute the opinion. SSR 06-03p, 2006 SSR LEXIS 5.

Physician's assistant Gary Manley treated plaintiff monthly as her primary care provider from April 2011 through at least August 31, 2017. (AR 689, 691). PA Manley's opinions were all approved and adopted by his supervisor Dr. Fakhouri. PA Manley stated that plaintiff's diagnoses included

---

[3] The holding in *Gomez* has been applied in the context of weighing the opinions of physician's assistants, but its continuing validity is unclear because the portion of the regulation on which the Gomez court relied was amended in 2000.

fibromyalgia, chronic pain syndrome, osteoarthritis, neuropathy, bursitis of the hips and shoulders, and chronic fatigue. PA Manley opined plaintiff had multiple positive tender points, nonrestorative sleep, chronic fatigue, morning stiffness, muscle weakness, numbness and tingling, breathlessness, anxiety, and depression. (AR 689). He opined plaintiff could sit for 2 hours in an 8-hour day and stand/walk for 2 hours in an 8-hour day. (*Id.*) She could lift 5 to 10 pounds occasionally and 2 pounds frequently. (*Id.*) She should elevate her legs with prolonged sitting. (*Id.*) She should never climb ladders or scaffolds, but could occasionally climb ramps and stairs, balance, stoop/bend, kneel, crouch/squat. (AR 690). Plaintiff would need extra breaks during the workday and was likely to have both good and bad days. (*Id.*) She would be absent more than 4 days each month as a result of her impairments. (*Id.*) Plaintiff's pain and other symptoms would prevent plaintiff from concentrating for more than a total of 2 hours in an 8-hour day. (AR 691).

The ALJ summarized the Residual Functional Capacity Assessment that PA Manley completed (AR 689). The ALJ notes that PA Manley's, "records were routinely[4] co-signed by his 'Supervisor,' Ibrahim Fakhouri, MD[ ]." (AR 24). The ALJ found that plaintiffs fibromyalgia syndrome, "to be [a] medically determinable impairment" since her records were co-signed by Dr. Fakhouri. (AR 24). The ALJ stated that, "[b]ecause PA Manley is not a doctor, his opinion of (sic) was evaluated under CFR 404.1527(f)." (AR 25). The ALJ also stated that, "the undersigned gives little weight to the opinion of PA Manley, because it is not well supported by the medical evidence and is inconsistent with the record as a whole, as discussed above."

Given the length of time the PA Manley treated plaintiff and the number of times she treated her (monthly for six years), PA Manley is an "other medical source" to whose opinion the ALJ should have

---

[4] All of PA Manley's records are co-signed by Dr. Fakhouri. (AR 647-667).

given significant weight.  As an "other source," PA Manley can show evidence of plaintiff's severity of impairments and how it affects plaintiff's ability to work. 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). For example, the ALJ does acknowledge that plaintiff's doctors prescribed multiple powerful pain medications, including Morphine, Lyrica, Soma, and Oxymorphone (AR 23) which is consistent with PA Manley's opinion that plaintiff's pain and other symptoms would prevent her from concentrating more than two hours a day. The ALJ did not specifically weigh or analyze any of PA Manley's opinions in contrast to the record. The ALJ's assertion that he gave little weight to PA Manley's opinion is not supported by the record; the ALJ erred in discounting the treating physician's assistant's opinion.

Because the Court is recommending that the plaintiff's case be remanded on the issue of the ALJ's failure to give clear and convincing reasons for rejecting PA Manley's opinion, the Court does not reach the other issues regarding the ALJ's rejection of the plaintiff's testimony or the ALJ's use of the hypotheticals raised by the plaintiff in this appeal.

### III.     Remand

The Court finds the ALJ did not give clear and convincing reasons for discrediting plaintiff's treating provider. The Court recommends the case be remanded to the agency for further administrative proceedings. When the Court finds an ALJ erred in denying social security benefits, ordinarily the Court "must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 874 F.3d 1130 at 5 (9th Cir. 2017, amended Jan. 25, 2018) (citing *Treichler v. Comm'r of SSA.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

The "credit-as-true," rule permits a direct award of benefits on review in rare circumstances. *Id.* at 3. Under the three-part rule, the Court first considers whether the "ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* at 6.  This step is met for the reasons set forth above. At the second step, the Court considers whether there are

7

"outstanding issues that must be resolved before a disability determination can be made" and whether further administrative proceedings would be useful. *Treichler*, 775 F.3d at 1101. "In evaluating this issue, [the Court] consider[s] whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Id.* at 1103-1104. "Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id.* at 1105. The Court finds further administrative proceedings are necessary and recommends the case be remanded.

Having reviewed the administrative record as a whole, the Court finds that the ALJ's decision is not wholly supported by substantial evidence and recommends the case be remanded.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that plaintiff's motion for reversal and/or remand (ECF No. 20) be GRANTED and the case REMANDED, and the Commissioner's cross-motion to affirm (ECF No. 24) be DENIED.

DATED this 22nd day of January 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE